NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYMOND FELDMAN; et al., | No. 15-56958 |
| Plaintiffs-Appellants, | D.C. No. 2:15-cv-04892-MMM-JEM |
| v. | |
| THE HONORABLE PATTI JO McKAY; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted January 18, 2017**

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Plaintiffs appeal pro se from the district court's judgment dismissing their 42

U.S.C. § 1983 action alleging federal and state law claims in connection with

plaintiffs' state court unlawful detainer proceedings.  We have jurisdiction under

---

&ast;    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

&ast;&ast;    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo a dismissal under the *Rooker-Feldman* doctrine*, Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003), and we affirm.

The district court properly dismissed plaintiffs' action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because their claims constituted a forbidden "de facto appeal" of a prior, final state court judgment. *See id.* at 1163 ("It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court."); *see also Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 604 n.1 (9th Cir. 2005) (state court proceedings "ended for *Rooker-Feldman* purposes" upon state supreme court's denial of a request for writ of mandamus). We reject as unsupported by the record plaintiffs' contention that defendants issued a void order in state court proceedings that precluded the application of *Rooker-Feldman*.

Contrary to plaintiffs' contention, the district court's order granting the motion to dismiss did not violate the law of the case doctrine because the issues presented in that motion had not already been decided by the district court or a higher court. *See Ctr. for Biological Diversity v. Salazar*, 706 F.3d 1085, 1090 (9th Cir. 2013) (law of the case doctrine pertains to reconsideration of "an issue

that has already been decided by the same court or a higher court in the same

case." (citation and internal quotation marks omitted)).

**AFFIRMED.**